WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

ANNETTE J. NGANJE, an individual,

Plaintiff,

vs.

CVS Rx SERVICES, INC.,

Defendant.

No. 2:13-cv-2327-HRH

O R D E R

Motion to Dismiss

Defendant moves to dismiss Count II of plaintiff's first amended complaint.[1] This motion is opposed.[2] Oral argument has been requested but is not deemed necessary.

Background

Plaintiff is Annette J. Nganje. Plaintiff is black, African in race, and originally from Cameroon, West Africa.[3] Plaintiff was formerly employed as a pharmacist by defendant

[1]Docket No. 21.

[2]Docket No. 23.

[3]First Amended Complaint at 3, ¶ 10, Docket No. 20.

CVS Rx Services, Inc.[4] On December 20, 2012, plaintiff filed a charge of discrimination with the EEOC.[5] In the charge, plaintiff alleged that she had been "subjected to harassment and [a] hostile work environment by John Cerni", a district manager for defendant.[6] Although plaintiff mentions that Jennifer Richmond was her pharmacy supervisor, plaintiff does not describe any discriminatory conduct by Richmond in the charge.[7] Plaintiff alleged discrimination based on race, color, and national origin.[8]

Plaintiff alleges that on January 22, 2013, she was given "yet another negative 'coaching and counseling' form" by Brad Dudley[9] and Richmond, "addressing [plaintiff's] alleged performance deficiencies based on hyper-scrutiny and hearsay."[10] Plaintiff alleges that she resigned from her employment with defendant on January 22, 2013 because "[w]ith the unresolved stress, accusations, unwarranted management pressure, and recent medical issues piling up ... she felt she had no [other] choice...."[11] Plaintiff also alleges that the

---

[4]Id. at 2, ¶¶ 1 & 4.

[5]Exhibit A, First Amended Complaint, Docket No. 20.

[6]Id.

[7]Id.

[8]Id.

[9]Defendant contends that Dudley is a CVS Human Resources Business Partner.

[10]First Amended Complaint at 5, ¶ 43, Docket No. 20.

[11]Id. at 6, ¶ 45.

coaching she was given on January 22, 2013 was given "in retaliation for the charge of discrimination."[12]

Plaintiff alleges that on January 23, 2013, she "emailed EEOC investigator Tara Crubaugh ... to tell Ms. Crubaugh that she had quit her job due [to] her serious concerns for her health [and] the impact CVS's post-charge actions were having upon her."[13] Specifically, plaintiff told Crubaugh that she "walked away yesterday from my job...."[14] In the email, plaintiff mentioned her EEOC charge number, and she listed five reasons for leaving her job: 1) Richmond would not approve sick time for her, 2) she had to work with untrained technicians, 3) she had to work 4 hours beyond the end of her shift on January 6, 4) she had to "clean up" after other employees were sent to help the pharmacy "catch up" on January 19, and 5) she was given the coaching and counseling on January 22.[15] Crubaugh responded, asking plaintiff if she had "officially quit" her job.[16] Plaintiff alleges that she called

---

[12]Id. at 5-6, ¶ 44.

[13]Id. at 6, ¶ 48.

[14]Email from Annette Nganje to Tara Crubaugh, Exhibit B, First Amended Complaint, Docket No. 20.

[15]Id.

[16]Email from Tara Crubaugh to Annette Nganje, Exhibit B, First Amended Complaint, Docket No. 20.

Crubaugh and informed her that "she [plaintiff] had indeed quit her job for the reasons" stated in the email.[17]

On February 7, 2013, plaintiff emailed Crubaugh again and stated that she wanted the EEOC investigation to continue, rather than engage in mediation, because "I was close to losing my life and the harassment/discrimination continued[.]"[18]

Plaintiff alleges that she "reiterated her position that she had left her job fearing for her health in her written rebuttal to the [d]efendant's position statement sent to the EEOC on June 12, 2013."[19] In her rebuttal, plaintiff stated that she "voluntarily resigned on Jan 22, 2013 ... because of retaliation, intimidation, harassment, constant disrespect, humiliation and discrimination."[20] She also stated that she was singled out by Cerni regarding loss prevention forms and that this issue "was brought back to retaliate against me months later."[21] In closing, plaintiff stated that Cerni, Richmond, and Dudley "made my job

---

[17]First Amended Complaint at 6, ¶ 52, Docket No. 20.

[18]Email from Annette Nganje to Tara Crubaugh, Exhibit B, First Amended Complaint, Docket No. 20.

[19]First Amended Complaint at 6-7, ¶ 53, Docket No. 20.

[20]EEOC Request for Rebuttal on Charge 540-2013-00593 at EEOC00009, Exhibit C, First Amended Complaint, Docket No. 20.

[21]Id. at EEOC00015.

impossible to perform so I informed EEOC Investigator, Tara Crubaugh of the continued discrimination ... and I left on Jan 22 (not 23) to save my life."[22]

On August 16, 2013, the EEOC issued a right to sue notice.[23] On November 14, 2013, plaintiff commenced this action. In her complaint, plaintiff asserted Title VII hostile work environment, constructive discharge, and retaliation claims; a § 1981 discrimination claim; and a claim for equitable relief. On December 19, 2013, defendants moved to dismiss plaintiff's complaint in its entirety.

On February 11, 2014, the court granted defendant's motion in part and denied it in part.[24] The court granted the motion as to plaintiff's constructive discharge and retaliation claims because "it appear[ed] that plaintiff has failed to exhaust her administrative remedies as to" these claims.[25] The court gave plaintiff leave to amend as to these claims.[26]

On February 28, 2014, plaintiff filed her amended complaint in which she asserts three causes of action. In her first cause of action, plaintiff asserts Title VII hostile work environment and constructive discharge claims. Plaintiff's second cause of action is a Title VII retaliation claim in which plaintiff alleges that "[d]efendant has retaliated against [her]

---

[22]Id. at EEOC000017.

[23]Exhibit B, Original Complaint, Docket No. 1.

[24]Docket No. 17.

[25]Id. at 9.

[26]Id. at 10-11.

by issuing her an unwarranted negative employment action in January 2013 after she complained of discrimination in the workplace....”[27] Plaintiff’s third cause of action is a § 1981 racial discrimination claim.

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, defendant now moves to dismiss plaintiff’s Count II, which is her Title VII retaliation claim, because defendant contends that plaintiff has still failed to allege that she has exhausted her administrative remedies as to this claim.

Discussion

“Rule 12(b)(6) authorizes courts to dismiss a complaint for ‘failure to state a claim upon which relief can be granted.’” In re Rigel Pharmaceuticals, Inc. Securities Litig., 697 F.3d 869, 875 (9th Cir. 2012) (quoting Fed. R. Civ. P. 12(b)(6)). “To avoid dismissal, the complaint must provide ‘more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.’” Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). “[A] plaintiff must ‘allege sufficient factual matter ... to state a claim to relief that is plausible on its face.’” OSU Student Alliance v. Ray, 699 F.3d 1053, 1061 (9th Cir. 2012) (quoting Pinnacle Armor, Inc. v. United States, 648 F.3d 708, 721 (9th Cir. 2011)). “In evaluating a Rule 12(b)(6) motion, the court accepts the complaint’s well-pleaded factual

[27]First Amended Complaint at 8, ¶ 66, Docket No. 20.

allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff." Adams v. U.S. Forest Srvc., 671 F.3d 1138, 1142-43 (9th Cir. 2012).

"Title VII claimants generally establish federal court jurisdiction by first exhausting their EEOC administrative remedies." Sosa v. Hiraoka, 920 F.2d 1451, 1456 (9th Cir. 1990). ""Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 111, 114 (2002). "'[I]ncidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge.'" Sosa, 920 F.2d at 1456. (quoting Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1475-76 (9th Cir. 1989)). "When determining whether a lawsuit's claim is 'reasonably related' to an EEOC charge, the charge filed with the EEOC is construed 'with utmost liberality since they are made by those unschooled in the technicalities of formal pleading.'" Padilla v. Bechtel Const. Co., Case No. CV 06 286 PHX LOA, 2007 WL 1219737, at *5 (D. Ariz. April 25, 2007) (quoting B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1100 (9th Cir. 2002)). "When determining whether an allegation not specified in the charge is exhausted, [the court] consider[s] factors such as 'the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred.'" Hoover v. Shinseki, Case

No. CV 11–00845–PHX–FJM, 2012 WL 1132511, at *3 (D. Ariz. April 4, 2012) (quoting B.K.B., 276 F.3d at 1100). "Additionally, the district court should consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case." Padilla, 2007 WL 1219737, at *5. Ultimately, the issue is whether the EEOC was on notice of the claim in question. See Wiederhold v. Sears, Roebuck and Co., 888 F. Supp. 2d 1065, 1087-88 (D. Or. 2012) (finding that "Wiederhold's statements on the intake questionnaire, and the EEOC's knowledge that she had resigned, were sufficient to put the agency on notice that Wiederhold was claiming Sears's actions forced her to resign" and thus that Wiederhold had exhausted her administrative remedies as to her retaliation claim).

Defendant argues that there is no factual support for plaintiff's conclusory allegation that she put the EEOC on notice that she was claiming that she had been retaliated against for filing the December 2012 EEOC charge. Defendant argues that there is nothing in the January 23, 2013 email that plaintiff sent to Crubaugh that indicates that plaintiff was claiming retaliation. Rather, according to defendant, in the email plaintiff advises Crubaugh that she had quit her job because of alleged ongoing harassment. Defendant argues that it is not sufficient that plaintiff referenced her existing EEOC charge number in the email. Defendant also argues that there was nothing in the February 7, 2013 email that plaintiff sent to Crubaugh that would have put the EEOC on notice that plaintiff was claiming retaliation.

Rather, in the February 7, 2013 email, plaintiff stated that she wanted the EEOC to continue its investigation because the "harassment/discrimination continued." Defendant acknowledges that plaintiff mentions retaliation a few times in the rebuttal that she sent to the EEOC but argues that "[a] plaintiff ... does not sufficiently exhaust administrative remedies 'by merely mentioning the word [retaliation] in his or her EEOC administrative charge.'" Gammons v. Real Property Inv. Srvcs, Inc., Case No. CV–10–8146–PHX–LOA, 2010 WL 5467020, at *6 (D. Ariz. Dec. 30, 2012) (quoting Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 637 (9th Cir. 2002)). In sum, defendant argues that because plaintiff did not amend her charge to expressly include a retaliation claim and never mentioned any retaliatory conduct in her emails to Crubaugh or in her rebuttal, she has failed to exhaust her administrative remedies as to a retaliation claim.

It is plausible that the EEOC was on notice that plaintiff was claiming retaliation. Although plaintiff did not expressly mention retaliation in her January 23 email, plaintiff described conduct by Cerni and Richmond, two of the individuals mentioned in her original charge, that had taken place after she filed her EEOC charge. This conduct had occurred at the same store where the conduct described in plaintiff's EEOC charge had taken place. And, some of this conduct had taken place within days of plaintiff filing her EEOC charge and all of it had taken place within one month of plaintiff filing her EEOC charge. These facts coupled with the fact that in her rebuttal, plaintiff expressly stated that she resigned

because of retaliation were sufficient to put the EEOC on notice that plaintiff was claiming retaliation. A claim of retaliation would have been "'within the scope of an EEOC investigation that reasonably could be expected to grow out of [plaintiff's] allegations.'" Hoover, 2012 WL 1132511, at *3 (quoting Leong v. Potter, 347 F.3d 1117, 1122 (9th Cir. 2003)).

Conclusion

Based on the foregoing, defendant's motion to dismiss[28] plaintiff's retaliation claim in Count II of her amended complaint is denied.

DATED at Anchorage, Alaska, this 23rd day of April, 2014.

/s/ H. Russel Holland
United States District Judge

[28]Docket No. 21.